IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRELL D. COOKS, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-205-BL-JTA |
| | ) | (WO) |
| FORTRA DATA BREACH | ) | |
| LITIGATION SETTLEMENT | ) | |
| ADMINISTRATOR, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

By separate order, the court[1] granted *pro se* Plaintiff Terrell D. Cooks's motion for leave to proceed *in forma pauperis*. (Doc. No. 11.) Also by separate order, the court denied the motion for leave to proceed *in forma pauperis* filed by Plaintiff Cooks on behalf of his minor child, K.C. (Doc. No. 10.) For the reasons stated below, pursuant to 28 U.S.C. § 1915(e)(2)(B), the court concludes Cooks's complaint fails to state a claim upon which relief can be granted and orders Cooks to file an amended complaint. Further, K.C. shall, through counsel, file an amended complaint.

### I.    DISCUSSION

A.    Claims on Behalf of Terrell Cooks

Because Cooks is proceeding *in forma pauperis*, the court must review his

---

[1] Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." (Doc. No. 8.)

pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the court is required to dismiss a complaint if it determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) – (iii). Upon review, the court finds the complaint contains deficiencies that must be remedied before this case can proceed.

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). Subject matter jurisdiction is the power of the court to hear a class of cases, which is conferred by statute. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 503, 513 (2006). There are two types of subject matter jurisdiction: (1) diversity jurisdiction[2] and (2) federal question jurisdiction.[3] *Id.*; 28 U.S.C. §§ 1331, 1332.

Furthermore, under the Federal Rules of Civil Procedure, a complaint fails to state a claim upon which relief can be granted unless it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

---

[2] Diversity jurisdiction exists when the parties are citizens of different states and there is more than $75,000 at issue in the case. 28 U.S.C. § 1332(a)(1).

[3] Federal question jurisdiction exists if the claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

Cooks appears to allege two claims. First, he asserts a claim against his former employer, Wayne Frank Farm. Cooks alleges that, after he missed work to seek medical treatment in an emergency room, Wayne Frank Farm terminated his employment "under the pretext of doctor excuses which [Cooks] disputes." (Doc. No. 1 at 1.) However, Wayne Frank Farm is not a named defendant. Additionally, Cooks fails to sufficiently indicate the legal basis of his claim against Wayne Frank Farm and whether the court has jurisdiction over that claim. Second, in a single sentence,[4] Cooks asserts a claim against Defendant "In re Fortra Data Breach Litigation Settlement Administrator," the Portland, Oregon-based claims administrator for a class action settlement of a case in the United States District Court for the Southern District of Florida. (*See* Doc. No. 9-1 at 1–2.)

Cooks has not alleged sufficient facts or any legal grounds to establish this court's subject matter jurisdiction over settlement-related claims. He has not alleged sufficient facts showing either that his claims arise under federal law, or that the parties are completely diverse and the amount in controversy exceeds $75,000. Therefore, Plaintiff

---

[4] Plaintiff states: "In January 2023, my personal and health information (PIIIPHI) was stolen during the Fortra File Transfer Software Data Security Breach." (Doc. No. 1 at 2.)

has failed to satisfy Rule 8(a)(1). Further, his threadbare complaint also fails to allege sufficient facts to place Defendant and the court on notice of factual and legal basis for his claims.

Accordingly, Cooks's complaint, as it currently stands, fails to adequately set forth the grounds for this court's jurisdiction and does not state a claim upon which relief can be granted.[5] Because he is entitled to an opportunity to amend before dismissal for failure to state a claim, he must amend his complaint in compliance with this order or face dismissal of this case. *See Emrit v. Sec'y, United States Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020).

B.     Claims on Behalf of K.C.

Although K.C. is not proceeding *in forma pauperis*, the court nevertheless has the inherent authority to *sua sponte* dismiss K.C.'s claims without prejudice if those claims are patently frivolous. *See Vega v. Kahle*, No. 23-12065, 2025 WL 3540349, at *3 n.2 (11th Cir. Dec. 10, 2025); *Cuyler v. Aurora Loan Servs., LLC*, No. 12-11824-DD, 2012 WL 10488184, at *2 (11th Cir. Dec. 3, 2012); *Mecca El v. Alabama*, No. 2:25-cv-233-MHT-JTA, 2025 WL 2429076, at *1 (M.D. Ala. Apr. 16, 2025); *cf. Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) ("[28 U.S.C. §] 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable

---

[5] Nor is it apparent from the complaint that this court is the proper venue for Cooks's settlement-related claims, nor that the court has personal jurisdiction over the settlement administrator.

basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

It is not clear what claims, if any, Plaintiff Cooks attempts to bring on behalf of K.C., but he has captioned the complaint to include K.C. as a plaintiff.[6] 28 U.S.C. § 1654 provides that, "[i]n all courts of the United States [,] the parties may plead and conduct their own cases personally or by counsel." "Neither 28 U.S.C. § 1654 nor Fed. R. Civ. P 17(c), which authorizes a conservator or guardian to sue on behalf of a minor child, permits a *pro se* parent to represent his or her child in federal court as legal counsel in an action in the child's name." *Epps v. Russell Cnty. Dep't of Hum. Res.*, No. 3:15-cv-25-CSC-MHT, 2015 WL 1387950, at *4 (M.D. Ala. Feb. 17, 2015) (citations omitted), *recommendation adopted*, 3:15-cv-25-CSC-MHT, 2015 WL 1387950 (M.D. Ala. Mar. 25, 2015). "Thus, 'parents who are not attorneys may not bring a *pro se* action on their child's behalf.'" *Id.* (quoting *Devine v. Indian River County Sch. Bd.*, 121 F.3d 576, 582 (11th Cir. 1997), *overruled on other grounds by Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007)); *see also Whitehurst v. Wal–Mart*, 306 F. App'x 446, 449 (11th Cir. 2008). This rule exists "because it helps to ensure that children . . . are not deprived of their day in court by unskilled, if caring, parents." *Devine*, 121 F.3d at 582. Hence, a complaint filed by a *pro se* litigant on behalf of a minor child lacks any basis in law and is, by definition, frivolous. *See Neitzke*, 490 U.S. at 325.

When a *pro se* litigant has attempted to represent another person or entity, that

---

[6] Filings other than the complaint include initials of Plaintiff's other minor children in the caption. (*See*, *e.g.*, Docs. No. 2, 4.) An amended complaint containing the claims of <u>any</u> minor child must be signed by an attorney on behalf of the minor.

person or entity may be allowed to file an amended pleading and appear in the action. *See Iriele v. Griffin*, 65 F.4th 1280, 1286 (11th Cir. 2023). Accordingly, although the complaint is frivolous with respect to K.C.'s claims, K.C. will be allowed to file an amended pleading through counsel.

## II.   CONCLUSION

Accordingly, it is ORDERED as follows:

1.   **On or before May 15, 2026**, Cooks shall file an amended complaint in compliance with the following requirements:

a.   To the extent possible, correctly names Defendant(s).

b.   Sets out a short, plain statement of the grounds for the court's subject matter jurisdiction.

c.   States claims against Defendant(s) who are individuals or legal entities subject to suit.

d.   Sets out a short, plain statement of the facts on which Cooks bases his claims. The amended complaint must specifically describe how Defendant(s) acted, or failed to act, in a manner that harmed Cooks.

e.   Presents a short and plain statement of each claim showing Cooks is entitled to relief and "give[s] [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted); Fed. R. Civ. P. 8(a)(2). The amended complaint should set out each claim in a separately numbered count that specifies which law was allegedly violated and reference specific

6

allegations of fact that support each legal claim. To the extent practicable, and for further clarity, Cooks should also state when the alleged violations occurred.

2.      **On or before May 15, 2026**, Plaintiff K.C. shall file an amended complaint. K.C.'s amended complaint shall be signed and filed by a licensed attorney.

**Cooks is ADVISED that failure to timely file an amended complaint in compliance with this Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the court's orders. Such dismissal may be with or without prejudice**.

**K.C. is ADVISED that failure to file an amended complaint in accordance with this order will result in a recommendation of dismissal of K.C.'s claims without prejudice on grounds that K.C. has not appeared in this action.**

**For any Plaintiff proceeding *in forma pauperis*, the amended complaint will be subject to 28 U.S.C. § 1915(e)(2)(B) review.**

The Clerk of Court is DIRECTED to serve Cooks with a copy of this Order by regular mail and by certified mail, return receipt requested.

DONE this 29th day of April, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE